Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WinRed Technical Services, LLC, a Delaware limited liability company, and National Republican Senatorial Committee, a District of Columbia non-profit organization,<br><br>Defendants. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brenda Whittaker ("Plaintiff" or "Whittaker") brings this Class Action Complaint and Demand for Jury Trial ("Complaint") against Defendants WinRed Technical Services, LLC ("WinRed") and National Republican Senatorial Committee ("NRSC") (collectively "Defendants") to stop their practice of placing text message calls using an ATDS to cellular telephones of consumers nationwide without their prior express written consent, and to obtain redress for all persons injured by its conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

**PARTIES**

1. Plaintiff Brenda Whittaker is a natural person and resident of Cottonwood, Yavapai County, Arizona.

2. Defendant WinRed Technical Services, LLC is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located at 1776 Wilson Boulevard, Suite 530, Arlington, Virginia 22209. Defendant conducts business throughout this District, the State of Arizona, and the United States.

3. Defendant National Republican Senatorial Committee is a non-profit organization with its principal place of business located at 425 2nd Street Northeast, Washington, D.C. 20002. Defendant conducts business throughout this District, the State of Arizona, and the United States.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331, as the action arises under the TCPA, which is a federal statute. The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. And none of the exceptions to CAFA applies.

5. This Court has personal jurisdiction over Defendants because Defendants conduct a significant amount of business in this District, made and continue to make unsolicited text message calls directed to this District, and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct a significant amount of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated

from this District.

## COMMON FACTUAL ALLEGATIONS

7. WinRed is a fundraising technology service that boasts of providing the number one online fundraising platform for the Republican Party and conservative groups. WinRed allows donors from across the country to easily connect with and support causes and candidates that they support.

8. NRSC is a national organization devoted solely to strengthening the Republican Senate majority and electing Republicans to the United States Senate. NRSC provides support and assistance to Republican candidates in several areas regarding planning, running, and strategizing for a campaign.

9. Unfortunately for consumers, WinRed and NRSC cast their marketing net too wide. That is, in an attempt to generate campaign donations, Defendants conducted (and continue to conduct) a wide scale telemarketing campaign that features unsolicited autodialed text message calls to consumers' cellular telephones all without any prior express written consent to make the texts at issue.

10. In making the autodialed text message calls at issue in this Complaint, Defendants and/or their agents utilized an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used by Defendants and/or their agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse,* in an automated fashion without human intervention. Defendants' automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous texts simultaneously, without human intervention.

11. At all times material to this Complaint Defendants were and are fully aware that unsolicited telemarketing text messages calls are being made to consumer's cellular telephones through its own efforts and that of its agents.

3

12. Defendants knowingly made (and continues to make) unsolicited telemarketing text message calls without the prior express written consent of the recipients. In doing so, Defendants not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeated violated the TCPA.

## FACTS SPECIFIC TO PLAINTIFF

13. Plaintiff Whittaker is the owner and customary user of the cellular telephone number ending in 9679.

14. On or around April 21, 2020, Plaintiff received an unsolicited text message call from Defendants from the telephone number (855) 906-0296. On information and belief, this call was placed using an ATDS. The text message read, "It's Newt. Ratings for 3 battleground states JUST shifted in favor of Schumer & Dems – if they flip 4, they take control. Stop them! https://nrsc.news/2xPscR0".

15. The impersonal and generic nature of the messages as well as the frequency of the messages and the lack of consent are all indicative of the use of an ATDS.

16. Over the next several days, Defendants sent Plaintiff numerous unsolicited text messages from the same number, (855) 906-0296. All of the text messages solicited Plaintiff to contribute money to the Defendants. Plaintiff received the following text messages:

- On April 24, 2020, "Karl Rove: Why haven't you made 5X IMPACT to defend the Senate Majority? If the GOP loses 4 seats, Schumer takes control! Act NOW: https://nrsc.news/2xWkuof";
- On April 26, 2020, "BREAKING: Liberal George Soros spent $28 MILLION to defeat Mitch & Republicans. Make a 400% matched contribution to SAVE Trump's https://nrsc.news/2xWkuof";
- On April 27, 2020, "It's Donald Trump Jr. McConnell, Rove, Newt & I have all texted you. Don't ignore this message. Deadline is in 3 days. 5X Match

4

NOW:Majority: http://bit/ly_4x28-";

- On April 28, 2020, "Donald Trump Jr here. My dad's ally Martha McSally, needs our help keeping Arizona's Senate seat RED! Chip in before 11:59PM tonight:http://nrsc.news/2KF7oyl";

- On April 29, 2020, "It's Donald Trump Jr. We're facing our CRITICAL April deadline so 5X matching is ACTIVE to reach Mitch's end-of-month goal. DONATE $15: http://bit.ly/2WaChjX"; and

- On April 30, 2020, "Sarah Huckabee Sanders here. TODAY is a major deadline. Dems are breaking records & we MUST catch up! 5X match for ALL gifts: https://bit.ly/Goal5X".

17. Further, all of the text messages solicit Plaintiff to make contributions to the Defendants.

18. Plaintiff never consented to receive autodialed text message calls from Defendants or any of their affiliates or agents.

19. The text messages were impersonal in nature, and, on information and belief, were placed using an ATDS.

20. The text messages direct Plaintiff to WinRed.com.

21. After following the website link in the text messages, WinRed's website requests consumers to consent to receiving calls and texts from an ATDS. Specifically, WinRed asks consumers to agree to the following: "By providing your cell phone or mobile phone number you are consenting to receive calls and texts, including autodialed and automated calls and texts, to that number with campaign notifications from the NRSC".[1]

22. This language further demonstrates that WinRed places text messages using

---

[1] https://secure.winred.com/nrsc/5x-match-rove?sc=ppp1004m12m&utm_medium=p2pt&utm_source=OK-D&utm_campaign=20200424_OK-D_RoveDefendMajority5XImpact

5

1  an ATDS.

2      23.    Moreover, WinRed's website further states that it is "Paid for by WinRed. Not authorized by any candidate or candidate's committee. WinRed.com". This language clarifies that WinRed is directly involved in soliciting contributions.

    24.    Plaintiff does not have a relationship with either WinRed or NRSC, has never provided her telephone number directly to either Defendant, has never requested that Defendants send text messages to her or solicit donations from her. Simply put, Plaintiff has never provided her prior express written consent to Defendants to place text message calls to her and has no business relationship with Defendants.

    25.    By making the unauthorized text message calls as alleged herein, Defendants have caused Plaintiff and the class members actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such texts, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such texts, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendants made the texts knowing they trespassed against and interfered with Plaintiff and the other class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, and hardware components.

    26.    To redress these injuries, Plaintiff, on behalf of herself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited text message calls to cellular telephones of consumers who have not consented to receive them. On behalf of the Class, Plaintiff seeks an injunction requiring Defendants to cease all unauthorized autodialed text-messaging activities and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ALLEGATIONS

27. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the nationwide Class defined below:

> **Autodialed Text Class:** All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the class members; (2) Defendants (or a third person acting on behalf of Defendants) placed at least one text message call; (3) to the person's cellular telephone number; (4) for the purpose of promoting Defendants' products or services; (5) using the same dialing equipment that was used to place the text message call to Plaintiff; and (6) for whom Defendants claims they obtained prior express consent in the same manner as Defendants claims they supposedly obtained prior express consent to place text message calls to the Plaintiff, or for whom they did not obtain prior express written consent.

28. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendants, their subsidiaries, parents, successors, predecessors, and any entity in which Defendants or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's counsel and Defendants' counsel; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendants have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

29. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendants sent autodialed text messages to thousands of consumers who fall into the definition of the Class. Class members can be easily identified through Defendants' records.

30. **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of

7

Defendants' uniform wrongful conduct.

31. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendants have no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor her counsel has any interest adverse to the Class.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    (a)    Whether Defendants' conduct constitutes a violation of the TCPA;

    (b)    Whether Defendants utilized an automatic telephone dialing system to place the text message calls to Plaintiff and members of the Autodialed Text Class;

    (c)    Whether Defendants obtained prior express written consent to contact any class members;

    (d)    Whether Plaintiff and the class members are entitled to statutory damages; and

    (e)    Whether Plaintiff and the class members are entitled to treble damages based on the willfulness of Defendants' conduct.

33. **Superiority & Manageability**: This case is also appropriate for class certification under Rule 23(b)(3) because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual

prosecution of the complex litigation necessitated by Defendants' actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendants' misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendants for the same conduct.

34. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendants have acted or refused to act on grounds substantially similar towards all members of the Class so as to render final injunctive relief and corresponding declaratory relief appropriate so as to warrant certification under Rule 23(b)(2).

## CAUSE OF ACTION
### Violation of 47 U.S.C. § 227, *et seq.*
### (On Behalf of Plaintiff and the Autodialed Text Class)

35. Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

36. Defendants (or a third person acting on behalf of Defendants) made unsolicited and unwanted autodialed text message calls to cellular telephone numbers belonging to Plaintiff and the other members of the Autodialed Text Class, without their prior express written consent in an effort to solicit consumers to contribute to the Defendants.

37. Further, Defendants placed the text message calls using equipment that, on information and belief, had the capacity to store or produce telephone numbers to be

called, using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers, *en masse*, without human intervention.

38. The telephone dialing equipment utilized by Defendants (or a third person acting on behalf of Defendants), which is substantially similar to a predictive dialer, dialed numbers from a list, or dialed numbers form a database of telephone numbers, in an automatic and systematic manner.

39. Further, these text messages were made *en masse* and without the prior express written consent of the Plaintiff and the other members of the Autodialed Text Class to receive such wireless spam.

40. By sending the unsolicited text message calls to Plaintiff and members of the Autodialed Text Class's cellular telephones without prior express written consent, Defendants have violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of such conduct, Plaintiff and the other members of the Autodialed Text Class are each entitled to, under 47 U.S.C. § 227(b)(3)(B), a minimum of $500.00 in damages for each violation of such act.

42. In the event that the Court determines that Defendants' conduct was willful and knowing, it may, under 47 U.S.C. § 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Autodialed Text Class.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Whittaker, individually and on behalf of the Class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Brenda Whittaker as the representative of the Class, and appointing her counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendants' actions, as set out above, violate TCPA;

D. A declaratory judgment that Defendants' telephone dialing equipment constitutes an automatic telephone dialing system under the TCPA;

E. An injunction requiring Defendants to cease all unsolicited autodialed text messaging activities, and otherwise protecting the interests of the Class;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

G. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: June 18, 2020

Respectfully submitted,

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice admission to be sought*