Brett A. Shumate (*pro hac vice*)
Kaytlin L. Roholt (*pro hac vice*)
JONES DAY
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone: 202.879.3939
Facsimile: 202.626.1700
E-Mail: bshumate@jonesday.com
      kroholtlane@jonesday.com

Brett W. Johnson (#021527)
Anthony T. King (#027459)
Ryan J. Regula (#028037)
SNELL & WILMER L.L.P.
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona 85004-2202
Telephone: 602.382.6000
Facsimile: 602.382.6070
E-Mail: bwjohnson@swlaw.com
      aking@swlaw.com
      rregula@swlaw.com

*Counsel for Defendant National Republican Senatorial Committee*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and, on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>National Republican Senatorial Committee, a District of Columbia non-profit organization,<br><br>    Defendant. | No. 3:20-cv-08150-PCT-JJT<br><br>**NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6) OR TO STAY PROCEEDINGS**<br><br>**(Oral Argument Requested)** |

Defendant National Republican Senatorial Committee (NRSC) respectfully submits this supplemental brief in support of its Motion to Dismiss or Stay.

**I.   ARGUMENT**

The United States District Court for the Eastern District of Louisiana recently addressed the issues raised in the NRSC's pending motion in an opinion dismissing alleged Telephone Consumer Protection Act (TCPA) violations occurring before the Supreme Court's decision in *Barr v. American Association of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020), and staying the rest of the case pending a decision by the Supreme Court in *Facebook, Inc. v. Duguid*, No. 19-511. *Creasy v. Charter Commc'ns, Inc.*, No. CV 20-1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020) (attached as Exhibit A). *Creasy* supports the NRSC's argument that Whittaker's complaint should be dismissed or at least stayed pending *Facebook*.

In *Creasy*, the plaintiffs alleged that Charter violated § 227(b)(1)(A)(iii) of the TCPA before and after the Supreme Court's decision in *AAPC*. Charter moved to dismiss, arguing that "its alleged violations of an unconstitutional law are not enforceable in federal court" because the Supreme Court's decision in *AAPC* "amounts to an adjudication that the entirety of § 227(b)(1)(A)(iii) was unconstitutional from the moment Congress enacted the offending government-debt exception to the moment the Court severed that exception to preserve the rest of the law in *AAPC*." *Id.* at *1. Alternatively, Charter requested a stay pending the Supreme Court's decision in *Facebook*.

The district court dismissed the claims involving calls sent "during the time period in which the government-debt exception remained operative within § 227(b)(1)(A)(iii)." *Id.* at *2. The court concluded that the statute was unconstitutional at the time Charter made the calls because the "unconstitutional amended version of § 227(b)(1)(A)(iii) is what applied to Charter at the time of the challenged communications at issue." *Id.* at *6. That version of the statute was undisputedly unconstitutional: "[I]n the years in which § 227(b)(1)(A)(iii) permitted robocalls of one category of content (government-debt collection) while prohibiting robocalls of all other categories of content, the entirety of the

provision was, indeed, unconstitutional." *Id.* at *2. Applying the "timeless principle that '[a]n unconstitutional law is void, and is as no law,'" *id.* at *13 (quoting *Ex Parte Siebold*, 100 U.S. 371, 376 (1879)), the district court held that Charter could not be held liable for violating the unconstitutional version of the TCPA because "a speaker should not be punished for engaging in speech that was restricted in an unconstitutional fashion," *id.* (citing *Grayned v. City of Rockford*, 408 U.S. 104, 107 n.2 (1972)).

As for the one call that Charter made after the Supreme Court severed the statute in *AAPC*, the district court granted Charter's request for a stay pending *Facebook*. *Id.* at *8. "Because such a decision would illuminate an unsettled area of the law that is key to this case, and because a stay will promote judicial economy, conserve party resources, and increase the likelihood of a just and correct outcome, the Court determines that a stay of these proceedings is warranted." *Id.* at *7.

*Creasy* supports the relief requested in the NRSC's Motion to Dismiss or Stay. Like Charter, the NRSC allegedly violated the unconstitutional version of § 227(b)(1)(A)(iii) in effect before the Supreme Court severed the statute in *AAPC*. "*That* version of the provision, which included the government-debt exception that the Court has now severed, was unconstitutional when [the NRSC] engaged in all … of the allegedly illegal communications the plaintiff[] complain[s] of." *Id.* at *8. "An unconstitutional statute being as no law, the Court may not enforce the pre-*AAPC* version of § 227(b)(1)(A)(iii) against [the NRSC] here." *Id.* Alternatively, the Court should stay this case because "the viability of the plaintiffs' surviving claim will turn in large part on the Supreme Court's forthcoming decision in *Facebook, Inc. v. Duguid*." *Id*.

### III. CONCLUSION

For these reasons, and all of the reasons set forth in the NRSC's Motion and Reply, the NRSC respectfully requests that the Court dismiss Plaintiff's complaint with prejudice or, in the alternative, stay this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*.

DATED this 9th day of October, 2020.

                    SNELL & WILMER L.L.P.

By: */s/Anthony T. King*
    Brett W. Johnson
    Anthony T. King
    Ryan J. Regula
    One Arizona Center
    400 E. Van Buren, Suite 1900
    Phoenix, Arizona  85004-2202

JONES DAY

Brett A. Shumate (admitted *pro hac vice*)
Kaytlin L. Roholt (admitted *pro hac vice*)
51 Louisiana Avenue, N.W.
Washington, D.C. 20001
Telephone:  202.879.3939
Facsimile: 202.626.1700
E-Mail:  bshumate@jonesday.com
        kroholtlane@jonesday.com

*Attorneys for Defendant National Republican Senatorial Committee*

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 9, 2020, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the CM/ECF registrants on record.

*s/ Anthony T. King*

4829-6046-1773