Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>National Republican Senatorial Committee, a District of Columbia non-profit organization,<br><br>Defendant. | Case No. 3:20-cv-08150-PCT-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6) OR TO STAY PROCEEDINGS** |

Defendant National Republican Senatorial Committee ("NRSC" or "Defendant") has filed a supplemental brief in support of its bid to have this case dismissed or stayed, drawing the Court's attention to a decision out of the Eastern District of Louisiana in *Creasy v. Charter Commc'ns, Inc.*, No. CV 20- 1199, 2020 WL 5761117 (E.D. La. Sept. 28, 2020) (attached as Exhibit A to Def. Supp. Br.). According to NRSC, "*Creasy* supports the NRSC's argument that Whittaker's complaint should be dismissed or at least stayed pending *Facebook* [*Inc., v. Duguid*, No. 19-511]," because *Creasy* found that the Supreme Court's decision in *Barr v. American Association of Political Consultants (AAPC)*, 140 S. Ct. 2335 (2020) rendered the *entire TCPA* unconstitutional "from the moment Congress enacted the offending government-debt exception to the moment the

Court severed that exception to preserve the rest of the law…." (Def. Supp. Br. 1.) This Court should refuse to follow *Creasy*.

First, the idea that the decision in *AAPC* rendered the entire TCPA unconstitutional during the time period when the unlawful debt-collection provision was first added through the date the Supreme Court severed it is undercut by *AAPC* itself. As Justice Kavanaugh explained when describing the impact of the Court's decision:

> As the Government acknowledges, although our decision means the end of the government-debt exception, no one should be penalized or held liable for making robocalls to collect government debt after the effective date of the 2015 government-debt exception and before the entry of final judgment by the District Court on remand in this case, or such date that the lower courts determine is appropriate. See Reply Brief 24. ***On the other side of the ledger, our decision today does not negate the liability of parties who made robocalls covered by the robocall restriction***.

*Barr*, 140 S. Ct. 2335, 2355 n.6, 207 L. Ed. 2d 784 (Emphasis added). Giving this language short shrift as dicta from a plurality opinion, the Court in *Creasy* decided that the two-Justice Opinion authored by Justice Gorsuch should carry the day.

Second, no other court has agreed with *Creasy* and this Court shouldn't be the first. Indeed, multiple courts have found that the government debt collection is severable and that it didn't negate all robocall liability while it was in effect. *See, e.g., Taylor v. KC VIN, LLC*, No. 4:19-CV-00110-NKL, 2019 WL 6499140, at *16 (W.D. Mo. Dec. 3, 2019) ("Given the general presumption in favor of severability, the apparent Congressional intent that the unconstitutional provision be severed, and the TCPA's demonstrated ability to be fully operative without the severed provision, the Court finds the government-debt exception is severable. Other courts have found the same.") (citing *Perrong v. Liberty Power Corp.*, 411 F. Supp. 3d 258, 268 (D. Del. 2019) ("There is no evidence that Congress would not have enacted the TCPA without the exception for government debt."); *Wilson v. PH Phase One Operations L.P.*, No. CV DKC 18-3285, 2019 WL 4735483 (D. Md. Sept. 27, 2019); *Katz v. Liberty Power Corp., LLC*, No. 18-CV-10506-ADB, 2019 WL 4645524 (D. Mass. Sept. 24, 2019)).

Third, the Court in *Creasy* went out of its way to ignore the fact that the TCPA had been in effect since 1991 and Congress never expressed any intent that it should only function with a government-debt exception added in 2005. Likewise, *Creasy* fails to adequately address the severability clause and other indications that the debt-collection provision was severable from the rest of the statute.

Hence, the Court should refuse to stay or dismiss the case based on *Creasy*. At no point did the Court in *AAPC* intend to do away with the robocall restrictions that have now been in effect for 29 years. As such, the Court should deny the Defendant's Motion and award such relief as it deems necessary and just.

Respectfully submitted,

Dated: October 14, 2020

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ *Patrick H. Peluso*

Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Avenue, Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

*Attorneys for Plaintiff and the Class*

*\* Pro Hac Vice admission to be sought*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on October 14, 2020.

/s/ Patrick H. Peluso