Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Telephone (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>National Republican Senatorial Committee, a District of Columbia non-profit organization,<br><br>Defendant. | Case No. 3:20-cv-08150-PCT-JJT<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT NATIONAL REPUBLICAN SENATORIAL COMMITTEE'S SECOND SUPPLEMENTAL BRIEF IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(6) OR TO STAY PROCEEDINGS** |

Defendant NRSC has filed a supplemental brief drawing the Court's attention to the *Lindenbaum* decision. *Lindenbaum* was incorrectly decided.

The Supreme Court has repeatedly held that unconstitutional amendments have no impact on the original statute. As the Supreme Court has explained:

> Here it is conceded that the statute, before the amendment, was entirely valid. When passed, it expressed the will of the Legislature which enacted it. Without an express repeal, a different Legislature undertook to create an exception, but, since that body sought to express its will by an amendment which, being unconstitutional, is a nullity and, therefore, powerless to work any change in the existing statute, that statute must stand as the only valid expression of the legislative intent.

*Frost v. Corp. Comm'n*, 278 U.S. 515, 526-27 (1929); *see also Eberle v. People of State of Michigan*, 232 U.S. 700, 705 (1914) ("the original local option law of 1889 had been held to be constitutional as a whole, and its validity could not be impaired by the subsequent adoption of what were in form amendments, but, in legal effect, were mere nullities.").

The *Lindenbaum* decision failed to address *Frost*. Admittedly, *Lindenbaum* did attempt to distinguish *Eberle* from *AAPC* by differentiating between the courts that determined constitutionality: a state Supreme Court in *Eberle* vs. the U.S. Supreme Court in *AAPC*. This is a distinction without a difference. It shouldn't matter whether the Court that determined constitutionality was State or Federal nor did this impact the *AAPC* decision. Ultimately, *Lindenbaum* incorrectly rejected the notion that an unconstitutional amendment is void *ab initio*. As Justice Kavanaugh explained in *AAPC*, "an unconstitutional statutory amendment 'is a nullity' and 'void' **when enacted**, and for that reason has no effect on the original statute." *AAPC*, 140 S. Ct. at 2353. (emphasis added).

In sum, an amendment that is added to an otherwise pre-existing constitutional law that is later severed on grounds that it is unconstitutional does *not* act to poison the entirety of the statute during the time the amendment was in effect. Rather, absent an express repeal of the law, the statute as it existed pre-amendment "must stand as the only valid expression of the legislative intent."

| | | |
|---|---|---|
| 1 | | |
| 2 | | Respectfully submitted, |
| 3 | Dated: November 18, 2020 | **BRENDA WHITTAKER**, individually and on behalf of all others similarly situated, |
| 4 | | |
| 5 | | By: */s/ Patrick H. Peluso* |
| 6 | | Penny L. Koepke |
| | | pkoepke@hoalaw.biz |
| 7 | | Maxwell & Morgan, P.C. |
| | | 4854 E. Baseline Road, Suite 104 |
| 8 | | Mesa, Arizona 85206 |
| | | Telephone (480) 833-1001 |
| 9 | | |
| | | Patrick H. Peluso* |
| 10 | | ppeluso@woodrowpeluso.com |
| | | Taylor T. Smith* |
| 11 | | tsmith@woodrowpeluso.com |
| | | Woodrow & Peluso, LLC |
| 12 | | 3900 East Mexico Avenue, Suite 300 |
| | | Denver, Colorado 80210 |
| 13 | | Telephone: (720) 213-0675 |
| | | Facsimile: (303) 927-0809 |
| 14 | | |
| 15 | | *Attorneys for Plaintiff and the Class* |
| 16 | | * *Pro Hac Vice admission to be sought* |

2

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on November 18, 2020.

/s/ Patrick H. Peluso