**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Brenda Whittaker,

        Plaintiff,

v.

WinRed Technical Services LLC, *et al.*,

        Defendants.

No. CV-20-08150-PCT-JJT

**ORDER**

At issue is Defendant National Republican Senatorial Committee's ("NRSC") Motion to Dismiss under Rule 12(b)(6) or to Stay Proceedings (Doc. 13, MTD), to which Plaintiff Brenda Whittaker filed a Response (Doc. 19, Resp.) and NRSC filed a Reply (Doc. 20, Reply). The Court granted NRSC's request to file Supplemental Briefing in this matter (Doc. 23, Supp.), to which Plaintiff filed a Supplemental Response (Doc. 24, Supp. Resp.). The Court also granted NRSC's request to file a Second Supplemental Briefing (Doc. 27, 2d Supp.), to which Plaintiff filed a Second Supplemental Response (Doc. 28, 2d Supp. Resp.). Additionally, Plaintiff filed nine Notices of Supplemental Authority. (Docs. 29–37.) The Court has reviewed the parties' briefs and finds this matter appropriate for decision without oral argument. *See* LRCiv 7.2(f). For the reasons set forth below, the Court will grant in part and deny in part NRSC's Motion.

## I.    BACKGROUND

On June 23, 2020, Plaintiff filed a Complaint bringing a putative class action against NRSC under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C.

§ 227(b)(1)(A)(iii). Plaintiff states that in April 2020, she received seven unsolicited text messages from NRSC. (Doc. 1, Compl. ¶¶ 14, 16.) In the Complaint, Plaintiff alleges that this communication violated the TCPA because NRSC intentionally sent the text messages using an automatic telephone dialing system ("ATDS") without her consent. (Compl. ¶¶ 12, 18–19.) NRSC now moves to dismiss the TCPA cause of action for failure to state a claim, and in the alternative, requests that the Court stay this case pending the Supreme Court's review of the Ninth Circuit Court of Appeal's decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). (MTD at 2.)

## II.   LEGAL STANDARD

When analyzing a complaint for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim. *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).

A dismissal under Rule 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is

improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III.    ANALYSIS

NRSC first argues that Plaintiff failed to state a claim because a provision of the TCPA was unconstitutional during the time Plaintiff alleges to have received text messages from NRSC. (MTD at 6.) Plaintiff, however, argues that the invalidation of the provision to the Act does not render the entire TCPA unconstitutional, and therefore, NRSC is still liable for its actions. (Resp. at 3.) As an alternative to its request for dismissal, NRSC asks the Court to stay this case pending the Supreme Court's decision in *Facebook* and its interpretation of an ATDS. In response, Plaintiff contends it is unnecessary and inefficient to stay this case and delay discovery because the outcome of *Facebook* is not dispositive of her claim. (Resp. at 8–10.)

In 1991, Congress enacted the TCPA establishing that it is "unlawful for any person within the United States . . . to make any call . . . using any automatic telephone dialing system . . . to any telephone number assigned to a . . . cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines an ATDS as "equipment which has the capacity— (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* § 227 (a)(1). In 2015, Congress amended this statute to permit the government to use an ATDS to collect debts. Bipartisan Budget Act of 2015, Pub. L. No. 114-74, § 301(a)(1)(A), 129 Stat. 584, 588 (amending 47 U.S.C. § 227(b)(1)(A)(iii)). There has been a fair amount of controversy since the enactment of this amendment.

Indeed, the Supreme Court subsequently examined the government-debt exception to consider whether it was unconstitutional. *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335 (2020) ("*AAPC*"). In a plurality decision, the Supreme Court held that it "must invalidate the 2015 government-debt exception and sever it from the remainder of the statute."[1] *Id.* at 2349. But the Supreme Court only addressed the prospective effect of the

---

[1] Six Justices opined that the TCPA government-debt exception violated the First

severed statute and did not address a defendant's retrospective liability for past robocalls made while the unconstitutional government-debt exception was affixed to the face of the statute, between enactment in 2015 and severance in 2020. NRSC urges this Court to interpret *AAPC* as finding the entirety of § 227(b)(1)(A)(iii) unconstitutional between the enactment of the amendment and *AAPC* and thus excuse it from retrospective liability. The Court declines to adopt that interpretation at this time.

Instead, the Court agrees with the vast majority of district courts that have denied motions to dismiss grounded in issues similar to the one at hand. *See, e.g.*, *Trujillo v. Free Energy Sav. Co.*, 2020 WL8184336 (C.D. Cal. Dec. 21, 2020); *Shen v. Tricolor Cal. Auto Grp., LLC*, 2020 WL 7705888 (C.D. Cal. Dec. 17, 2020); *Abramson v. Fed. Ins. Co.*, 2020 WL 7318953, at *3–4 (M.D. Fla. Dec. 11, 2020) (citing to a collection of cases that have concluded that "parties may continue to bring claims under the portions of § 227(b) unaltered by *AAPC*"). One district court has even departed from its earlier decision to grant a motion to dismiss on this issue. (Doc. 37 (*citing Boisvert v. Carnival Co.*, No. 8:20-cv-2076-30SPF (M.D. Fla. Dec. 11, 2020) ("Upon further reflection, the Court departs from its earlier opinion because, since the Court's Order in *Hussain*, every court faced with this same issue has concluded that a plaintiff may continue to bring § 227(b) claims post-AAPC.")).) Although NRSC supports its Motion with two out-of-circuit decisions that have granted dismissal, those holdings are not persuasive. The Court will therefore deny NRSC's motion to dismiss for failure to state a claim.

Alternatively, NRSC seeks to stay this case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*. This Court has the inherent authority to manage its cases to ensure their orderly and efficient disposition. *Sherman v. United States*, 801 F.2d 1133, 1135 (9th Cir. 1986). This includes discretion to stay a case if it serves the interest of judicial economy and does not substantially prejudice a party. Here, Plaintiff contests NRSC's request for a stay of the proceedings; however, because the *Facebook* decision is

Amendment, and seven Justices opined that the amendment should be severed from the remainder of the statute.

likely imminent, the Court does not find that a brief stay will substantially prejudice Plaintiff. *See Canady v. Bridgecrest Acceptance Corp., No*. CV-19-04738-PHX-DWL, 2020 WL 5249263, at *2 (D. Ariz. Sept. 3, 2020) (granting stay pending *Facebook* decision because the risks of harm to the plaintiff do not "outweigh the interest of efficiency and judicial economy that will be served by delaying further litigation of this action").

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant National Republican Senatorial Committee's Motion to Dismiss under Rule 12(b)(6) or to Stay Proceedings (Doc. 13). The Court declines to dismiss this case but grants Defendant's request to stay these proceedings pending the Supreme Court's resolution of *Facebook, Inc. v. Duguid*, No. 19-511.

**IT IS FURTHER ORDERED** that the parties shall file a joint Notice of Decision within 10 days of publication of the Supreme Court's decision in *Facebook, Inc. v. Duguid*.

Dated this 23rd day of March, 2021.

Honorable John J. Tuchi
United States District Judge